UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

MARK ARNER,

       Plaintiff,

v.                                 CASE NO.: 2:09-CV-00565-TFM

PGT TRUCKING, INC.,

       Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD ADDITONAL CLAIMS

**COMES NOW,** Plaintiff, MARK ARNER ("ARNER"), by and through his undersigned attorneys moves this Court for the entry of an order granting Plaintiff leave to file an Amended Complaint to add additional claims. In support thereof, Plaintiff states:

1. On or about February 13, 2009, Arner filed his Complaint against Defendant. Dkt. 1

2. Since the time Plaintiff filed his Complaint, additional claims against Defendant became known to Plaintiff.

3. A copy of the proposed Amended Complaint is attached hereto as Exhibit "A."

4. On or about April 2, 2009, Defendant moved to dismiss the instant action or, in the alternative, to transfer venue from the Middle District of Florida to the Western District of Pennsylvania. Dkt. 6.

5. On or about May 1, 2009, Arner filed in the Middle District of Florida an Unopposed Motion to Amend the Complaint. Dkt. 11.

6. On or about May 8, 2009, the Middle District of Florida denied Defendant's motion to dismiss, and transferred the instant action to this honorable Court. Dkt. 14.

7. In so doing, the Middle District of Florida denied Arner's Motion to Amend as moot. Dkt. 14.

8. To date, and since the denial of its motion to dismiss, Defendant has not yet answered Arner's original Complaint.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant Plaintiff leave to file his Amended Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Mark E. Scott, Esquire, 10 Emerson Lane, Suite 805, Bridgeville, Pennsylvania, 15017.

        **FLORIN ROEBIG, P.A.**

        /s/ Wil H. Florin
        **WIL H. FLORIN, ESQUIRE**
        Florida Bar No.: 0337234
        WHF@FlorinRoebig.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        WMF@FlorinRoebig.com
        777 Alderman Road
        Palm Harbor, Florida 34683
        Telephone No.: (727) 786-5000
        Facsimile No.: (727) 772-9833
        Attorneys for Plaintiff Pro Hac Vice

        and

        /s/ Paul Lagnese
        **PAUL LAGNESE**
        Pennsylvania Bar No.: 5281
        PLagnese@BergerLagnese.com
        310 Grant Street, Suite 720
        Pittsburgh, Pennsylvania 15219
        Telephone No.: (412) 471-6004
        Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

MARK ARNER,

      Plaintiff,

v.                              CASE NO.: 2:09-CV-00565-TFM

PGT TRUCKING, INC.,

      Defendant.

_____/

## PROPOSED FIRST AMENDED COMPLAINT

Plaintiff, MARK ARNER, by and through his undersigned attorneys, hereby sues Defendant, PGT TRUCKING, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1332(a)(1), (c)(1).

2. This is an action for damages exceeding $75,000.

3. Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. 1391(a), (c) because Defendant, PGT TRUCKING, INC., is subject to personal jurisdiction in the state of Florida and this Judicial District.

### PARTIES

4. Currently and at all times material, Plaintiff, MARK ARNER, was a citizen of Pinellas County, Florida. Plaintiff, MARK ARNER, is resident of Pinellas County, Florida.

5. Defendant, PGT TRUCKING, INC., is a foreign corporation, incorporated by the State of Pennsylvania, with its principal place of business located in same.

6. Defendant, PGT TRUCKING, INC., is a corporation engaged in the business of interstate trucking and transportation of construction materials.

7. Defendant, PGT TRUCKING, INC., conducts business in the State of Florida, including within this Judicial District, and maintains a registered agent in the State of Florida.

8. Defendant, PGT TRUCKING, INC., is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

9. In the course of conducting business on behalf of Defendant, PGT TRUCKING, INC., Defendant's employees and/or agents drive approximately two (2) – five (5) million miles per year within the State of Florida.

10. To accommodate its Florida business and traffic, Defendant, PGT TRUCKING, INC., owned, staffed, and maintained a terminal in the State of Florida until approximately August, 2008, when it was closed due to unforeseen circumstances.

11. The continuous and systematic business contacts between Defendant, PGT TRUCKING, INC., and the State of Florida subject Defendant to general jurisdiction within the State of Florida, where its contacts are substantial and not isolated.

12. Defendant, PGT TRUCKING, INC., is funded, at least partially, through the Commonwealth of Pennsylvania and/or other governmental entities, specifically including, but not limited to $635,150 in July, 2005, from the Commonwealth of Pennsylvania to Defendant as funding to expand its operations. Said monies were not in return for services rendered.

13. Defendant, PGT TRUCKING, INC., has various other agreements, contracts and/or relationships with city and state governments from which they receive funding.

14. At all times material, Defendant, PGT TRUCKING, INC., acted with malice and with reckless disregard for Plaintiff's State protected rights.

15. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

16. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

17. Plaintiff requests a jury trial for all issues so triable.

## FACTS

18. On or about April 15, 2008, Plaintiff, MARK ARNER, flew from Florida to Pennsylvania, with lodging and transportation provided by Defendant, PGT TRUCKING, INC., to interview for the position of Manager of Regulatory Compliance.

19. On or about April 22, 2008, after an extensive interview process, Defendant, PGT TRUCKING, INC., extended an offer of employment to Plaintiff, MARK ARNER.

20. Plaintiff, MARK ARNER, accepted Defendant's offer of employment and was to report to work in Pennsylvania on or about April 28, 2008 as Manager of Regulatory Compliance.

21. As part of pre-employment negotiations, Defendant, PGT TRUCKING, INC., agreed to provide a furnished apartment to Plaintiff, MARK ARNER, for six (6) weeks because he would have to relocate to Pennsylvania.

22. Plaintiff, MARK ARNER, relocated himself to Pennsylvania to begin working for Defendant, PGT TRUCKING, INC., while his wife stayed behind in Pinellas County, Florida to tend to tend to their affairs in anticipation of joining her husband later. Moving expenses were paid by Plaintiff.

23. Upon moving out of the company apartment, on or around June 1, 2008, Plaintiff, MARK ARNER, put approximately $7,800 down on a real estate purchase and began paying approximately $2,000 per month in mortgage.

24. As part of his job duties, Plaintiff was responsible for keeping the company in compliance with the laws, rules, and regulations imposed by the Federal Motor Carrier Safety Administration.

25. During his employment, Plaintiff became aware of several serious safety violations, including, but not limited to, violations relating to truck driver logs, hours of service, supporting documents, and alteration/falsification of records, and refused to participate therein.

26. Such falsification often leads to serious injury or death of those on interstate and intrastate roadways due to accidents caused by fatigued drivers.

27. Plaintiff, MARK ARNER, brought the wrongdoing to the attention of his superiors, including the Vice President of Safety, and realized that falsification of documents was taking place company-wide.

28. At one point, Plaintiff was asked to falsify a document, which he refused to do.

29. On or about August 25, 2008, Plaintiff filed a written complaint with the Department of Transportation.

30. Because of his report of, objection to, and refusal to participate in violations of laws and regulations, and his subsequent complaint to the Department of Transportation, Plaintiff, MARK ARNER, was terminated on or about September 10, 2008, after less than five (5) months with the company.

31. As a result, Plaintiff, MARK ARNER, was forced to sign over his real estate to the mortgagor, forfeiting all monies paid, and return to Florida.

Case 2:09-cv-00565-MTFM Document 14-25 Filed 07/30/2009 Page 1 of 8

4

# COUNT I
# PENNSYLVANIA WHISTLEBLOWER'S ACT

32. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 31.

33. Plaintiff was terminated from his employment with Defendant as a direct result of and in retaliation for his good-faith report of wrongdoing to both Defendant and the appropriate authority, including, but not limited to, repeated and condoned violations of 49 C.F.R. § 395.

34. Defendant, PGT TRUCKING, INC., is considered an "employer" under the Pennsylvania Whistleblower's Act because it receives public funds and is thus considered a "public body" for purposes of the Act.

35. The retaliatory actions of Defendant constitute a violation of the Pennsylvania Whistleblower's Act.

36. As a direct result of Defendant's retaliatory actions, Plaintiff has sustained damages.

WHEREFORE, Plaintiff prays for the following past, present and future damages against Defendant, PGT TRUCKING, INC.:

    a. Back pay and benefits;

    b. Interest on back pay;

    c. Front pay and/or lost earning capacity;

    d. Compensatory damages;

    e. Injunctive Relief;

    f. Costs and attorney's fees;

    g. For such other relief as the Court deems equitable.

## COUNT II
## WRONGFUL DISCHARGE

37. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 31.

38. Plaintiff was terminated for his objection to and refusal to participate in actual violations of clearly mandated public policy and established law.

39. Specifically, Plaintiff refused to participate in safety violations of the Federal Commercial Motor Vehicle Safety Act and other State and Federal safety laws, rules and regulations.

40. Moreover, Plaintiff was terminated because he filed a formal complaint with the Department of Transportation regarding such violations of safety laws, rules and regulations, including but not limited to driver log-book falsification, which resulted in an investigation into Defendant, PGT TRUCKING, INC.'s, business practices, wherein violations of said safety laws, rules and regulations were found.

41. The Uniform Commercial Driver's License Act (UCDLA) implements the Federal Commercial Motor Vehicle Safety Act, and aims to reduce or prevent interstate and intrastate commercial motor vehicle accidents, fatalities and injuries.

42. As a clear mandate of public policy, the UCDLA prohibits the termination of an employee who has filed a complaint or caused an investigation to be instituted regarding any violation of a commercial motor vehicle safety rule, regulation, standard or order.

43. The retaliatory actions of Defendant constitute a violation of the public policy exception to at-will employment.

44. As a direct result of Defendant's retaliatory actions, Plaintiff has sustained damages.

WHEREFORE, Plaintiff prays for the following past, present and future damages against Defendant, PGT TRUCKING, INC.:

a. Back pay and benefits;

b. Interest on back pay;

c. Front pay and/or lost earning capacity;

d. Compensatory damages;

e. Injunctive Relief;

f. Costs and attorney's fees;

g. For such other relief as the Court deems equitable.

**FLORIN ROEBIG, P.A.**

_____
**WIL H. FLORIN, ESQUIRE**
Florida Bar No.: 0337234
WHF@FlorinRoebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
WMF@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff Pro Hac Vice

and

_____
**PAUL LAGNESE**
Pennsylvania Bar No.: 5281
PLagnese@BergerLagnese.com
310 Grant Street, Suite 720
Pittsburgh, Pennsylvania 15219
Telephone No.: (412) 471-6004
Attorneys for Plaintiff

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Mark E. Scott, Esquire, 10 Emerson Lane, Suite 805, Bridgeville, Pennsylvania, 15017.

**FLORIN ROEBIG, P.A.**

/s/ Wil H. Florin
**WIL H. FLORIN, ESQUIRE**
Florida Bar No.: 0337234
WHF@FlorinRoebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
WMF@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff Pro Hac Vice

and

/s/ Paul Lagnese
**PAUL LAGNESE**
Pennsylvania Bar No.: 5281
PLagnese@BergerLagnese.com
310 Grant Street, Suite 720
Pittsburgh, Pennsylvania 15219
Telephone No.: (412) 471-6004
Attorneys for Plaintiff