IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09-cv-0565 |
| | ) | |
| PGT TRUCKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court for disposition is the MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW filed by Defendant, PGT Trucking, Inc. (Document No. 36), and the RESPONSE IN OPPOSITION filed by Plaintiff, Mark Arner (Document No. 37).

### BACKGROUND

This lawsuit commenced on February 13, 2009, with the filing of a one-count Complaint in the United States District Court for the Middle District of Florida, Tampa Division, in which Plaintiff, Mark Arner, alleged that his former employer, Defendant PGT Trucking, Inc., terminated his employment in retaliation for his reporting and refusing to participate in "violations of law and regulations" in violation of the Pennsylvania's Whistleblower Law. *See* 43 Pa. Cons. Stat. § 1421, *et seq*.

Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim or in the alternative, to transfer the case to the United States District Court for the Western District of Pennsylvania. By Order of May 7, 2009, Judge Steven D. Merryday granted the motion to transfer pursuant to

28 U.S.C. § 1404(a), and the case was thereafter transferred to the United States District Court for the Western District of Pennsylvania and assigned to this member of the Court.

On July 30, 2009, Plaintiff filed an unopposed Motion for Leave to File Amended Complaint to Add Additional Claims, which was granted by the Court.  On August 17, 2009, Plaintiff filed his First Amended Complaint, in which he added a second claim alleging wrongful discharge in violation of the public policy exception to at-will employment.

On August 31, 2009, Defendant filed an Answer and Affirmative Defenses to the First Amended Complaint.  On October 30, 2009, the Court conducted a Case Management Conference with counsel.

On December 2, 2009, three months after Defendant filed its Answer, Defendant filed the instant Motion to Dismiss.  Discovery is scheduled to close in this matter on March 31, 2010.  A post discovery status conference is scheduled for April 7, 2010.

### PRELIMINARY MATTERS

A.Motion to Dismiss is More Properly Analyzed Under Rule 12(c), not Rule 12(b)(6)

As noted *supra,* on August 31, 2009, Defendant filed an Answer and Affirmative Defenses to the First Amended Complaint.  *See* Document No. 29.  However, on December 2, 2009, Defendant then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Rule 12(b) specifically states that "[a] motion asserting [a failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is

2

allowed." Fed.R.Civ.P. 12(b) (emphasis added).  Clearly, Defendant filed its motion to dismiss after filing its Answer, which at first blush would appear to be untimely.

However, under Rule 12(h)(2): "Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) [for judgment on the pleadings]." Fed.R.Civ.P. 12(h)(2)(B).  As a result of this rule, district courts within the Third Circuit have construed motions to dismiss under Rule 12(b)(6) filed after the close of pleadings as motions for a judgment on the pleadings under Rule 12(c).  *See, e.g. Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Penzoil Prods. Co. v. Colelli & Assocs., Inc.*, 953 F.Supp. 669, 671 n. 1 (W.D. Pa. 1997) (converting a post-answer motion for a preserved Rule 12(b)(2) defense to a motion under Rule 12(c)), *rev'd on other grounds,* 149 F.3d 197 (3d Cir. 1998).  Similarly, this Court will thus address the merits of the motion filed by Defendant as though it had been submitted as a motion under Rule 12(c) instead of under Rule 12(b)(6).

B.       Standard of Review Under Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the legal sufficiency of the Amended Complaint filed by Plaintiff.  The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  However, as the Supreme Court

made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

However, nothing in *Twombly* or *Iqbal* has changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6).  That is, the Supreme Court did not impose a new, heightened pleading requirement, but reaffirmed that Federal Rule of Civil Procedure 8 requires only a short, plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 552-53).  Additionally, the Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* (citing *Twombly*, 550 U.S. at 553).

### DISCUSSION

Defendant contends that Count I of the Amended Complaint should be dismissed because the protections afforded by Pennsylvania's Whistleblower Law are limited to "employees discharged from governmental entities or any other body which is created or funded by the government."  Mot. at 2-3.  Defendant does not deny that it received "economic development grants, job creation tax credits and job training assistance in July 2005," but argues that it is a private entity and that simply because it received this type of public monies does not establish it as a "public body."  In response, Plaintiff contends that because Defendant

"accepted, kept and utilized this money that was provided by a political subdivision of the Commonwealth, it is deemed a 'public body' " as defined under Pennsylvania's Whistleblower Law.  Resp. at 3.   At this early stage of the litigation, there is no information of record regarding to the alleged public funding which Defendant received from the Commonwealth.  Defendant may well be correct that Plaintiff will be unable to prove that  receipt of this type of public funding from the Commonwealth is enough to establish that it is a public entity.  However, this is an issue which can only be determined at the summary judgment stage, or at trial.  Accordingly, the Court finds that Plaintiff's claims under Pennsylvania's Whistleblower Law are sufficient to withstand the motion to dismiss.

Similarly, Defendant contends that Count II of the Amended Complaint should be dismissed because "the availability of relief under the Pennsylvania Whistleblower's Law precludes a claim for wrongful discharge under Pennsylvania common law."  Mot. at 5.  Plaintiff responds that his wrongful discharge claim should not be dismissed because (i) it is not preempted because it qualifies as a public policy exception to Pennsylvania's at-will employment doctrine; and (ii) that the wrongful discharge claim was plead in the alternative, which is accepted under Federal Rule of Civil Procedure 8(d)(3).

Assuming *arguendo* for the sake of this Opinion only that Plaintiff's wrongful discharge claim would be preempted by Pennsylvania's Whistleblower Law, Plaintiff has not yet completed discovery to determine whether his Pennsylvania's Whistleblower Law claim is viable; therefore, the request to dismiss the wrongful discharge claim is denied as premature as the Federal Rules of Civil Procedure permit one to "state as many separate claims or defenses as it has, regardless of consistency."  Fed.R.Civ.P. 8(c).

## Conclusion

For all these reasons, the Motion to Dismiss will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09-cv-0565 |
| | ) | |
| PGT TRUCKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

**AND NOW**, this 22nd day of March, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Defendant is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	Wil H. Florin, Esquire
Florin Roebig
Email: WHF@Florinroebig.com

Wolfgang M. Florin, Esquire
Florin Roebig PA
Email: WMF@FlorinRoebig.com

Lindsey C. Kofoed, Esquire
Florin Robeig, PA
Email: LCK@FlorinRoebig.com

Paul A. Lagnese, Esquire
Berger & Lagnese
Email: paull@bergerlagnese.com

Mark E. Scott, Esquire
Email: markescott@verizon.net